UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRISELA CORONADO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:24-cv-00508 |
| WAL-MART STORES TEXAS, LLC AND | § | |
| WALMART, INC. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, IRISELA CORONADO, Plaintiff, complaining of WAL-MART STORES TEXAS, LLC and WALMART, INC., Defendants, and files this her First Amended Complaint, and for good and sufficient cause of action would respectfully show unto this Honorable Court and Jury the following:

### 1.
### PARTIES

2. Plaintiff is a resident and citizen of the State of Texas.

3. Defendant WAL-MART STORES TEXAS, LLC, is a Arkansas Company authorized to and doing business in McAllen, Hidalgo County, Texas and is being served through their attorney of record, Susan Sullivan and Rick A. Zuniga, ATLAS, HALL & RODRIGUEZ, LLP, 818 Pecan, McAllen, Texas 78501.

### 2.
### VENUE

4. Plaintiff would show that venue is proper in Hidalgo County, Texas, under the provisions of TEX. CIV. PRAC. & REM. CODE, Ch. 15, §§ 15.001, et seq., because Hidalgo County, Texas is the County where all or a substantial part of the events giving rise to the claim occurred.

3.
## DISCOVERY CONTROL PLAN AND CLAIM FOR RELIEF

5. Plaintiff seeks only monetary relief over TWO HUNDRED AND FIFTY THOUSAND and no/100 dollars ($250,000.00) but not more than ONE MILLION and no/100 dollars ($1,000,000.00).

6. Discovery in this case is intended to be conducted under Level 3.

4.

7. It has become necessary to bring this lawsuit by reason of injuries and damages suffered by your Plaintiff on or about March 29, 2023, while on the premises owned and operated by Defendant, located at 1724 W. University Drive, Edinburg, Hidalgo County, Texas 78539. Plaintiff was walking on the laundry aisle when she noticed a store clerk. Plaintiff was on her way to ask the store clerk where the dryer sheets. As she approached the clerk, she slipped and fell on liquid softener and injured herself. There were no warning cones on the floor. A report of this incident was made by Walmart.

8. Plaintiff's claim against Defendant is for premises liability.

9. Plaintiff was an invitee and patron upon Defendant's premises when she was caused to slip and fall due to a dangerous condition existing on Defendant's premises, causing her serious permanent and painful bodily injuries. Defendant requested, allowed, permitted and encouraged Plaintiff to enter onto the premises. Consequently, Plaintiff was an invitee whom Defendant owed a duty to use ordinary care, including the duty to protect and guard Plaintiff from unreasonably dangerous conditions existing on its premises or to warn her of their existence. Plaintiff was exercising ordinary when suddenly and unexpectedly she was caused to fall due to the dangerous condition and/or hazard existing on the premises which Defendant, its agents, servants, and

2

employees knew or should have known existed caused by Defendant. As a result of the aforesaid dangerous condition, Plaintiff sustained severe and permanent injuries. Plaintiff would show that nothing she did nor failed to do caused, or in any way contributed to cause, the occurrence in question. Further, Plaintiff would respectfully show unto this Honorable Court and Jury that the Defendant failed to perform the above-stated duties and, therefore, was negligent as that term is understood under the laws of the State of Texas in one or more of the following respects:

(1) in failing to continually have the premises, which were open to the public, inspected for dangerous conditions and/or hazards located on the premises;

(2) in failing to remedy the dangerous condition and/or hazard that it knew of, or in the exercise of ordinary care, should have known was present on its premises;

(3) in failing to warn persons similarly situated to your Plaintiff, including your Plaintiff, of the dangerous condition and/or hazard located on said premises; and

(4) in more particularity to be shown at trial.

10. Each and all of the above and foregoing acts on the part of the Defendant, both of omission and commission, were negligent, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

## 5.
## CONDITION PRECEDENT

11. All conditions precedent to Plaintiff's cause of action have been performed or have occurred.

## 6.
## DAMAGES

12. As a result of the aforesaid negligence on the part of the Defendant, Plaintiff has been severely and permanently injured. He has suffered all legal elements of damages recognized by law, including physical pain and mental anguish, physical impairment, disfigurement, loss of earning

3

capacity, has incurred reasonable and necessary medical bills and expenses and will, in all reasonable probability continue to suffer some or all of said legal elements of damages in the future beyond the date of trial of this cause. Accordingly, Plaintiff maintains this suit against Defendant, for each of Plaintiff's foregoing legal elements of damages in a just and reasonable sum far in excess of the jurisdictional minimals of this Honorable Court, plus prejudgment interest on their damages as permitted by law.

## 7.
## JURY DEMAND

13.   Plaintiff has requested a trial by jury and maintain that request and tenders the fee.

## 8.
## RULE 193.7 NOTICE

14.   Plaintiff gives notice under Texas Rule of Civil Procedure 193.7 that it may use any and all documents produced by any party at any pretrial proceeding and/or trial of this matter.

## 9.

15.   Pursuant to TEX. CIV. PRAC. & REM. CODE § 30.014, the last three digits of Plaintiff's driver's license are 263, and the last three digits of Plaintiff's Social Security number are 168.

16.   WHEREFORE, Plaintiff prays Defendant be cited in terms of law to appear and answer herein and that upon final trial hereof, she have judgment as prayed for against Defendant; that she have a trial by jury; that she have prejudgment interest as authorized by law; that she have interest on the judgment at the legal rate from date of entry until paid; that she have her costs of court; and that she have such other and further relief, general or special, legal or equitable, to which she may show herself justly entitled and for which she will ever pray.

Respectfully submitted,

MATTHEWS & FORESTER

/s/ Kelly Forester
KELLY FORESTER
TBA #00787482
FEDERAL ID # 17031
3027 Marina Bay Drive, Suite 320
League City, Texas 77573
(281) 535-3000
FAX: (281) 535-3010
kforester@matforlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been sent to all counsel via certified mail/return receipt requested, hand delivery, or facsimile transmission on April 14, 2025.

/s/ Kelly Forester
KELLY FORESTER